UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIBELL CABALLERO,

    Plaintiff,

v.                                              Case No.:  2:25-cv-289-SPC-NPM

UNITED STATES OF AMERICA,

    Defendant.

## **OPINION AND ORDER**

Before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 9). Plaintiff Maribell Caballero responded in opposition. (Doc. 33). For the below reasons, the motion is granted.

### **Background**[1]

This is a car accident case. A year and a half ago, Caballero filed this action in state court against the other driver, Fidel Amengual. He was a Federal Emergency Management Agency ("FEMA") employee who was in the scope of his employment at the time of the accident. (Doc. 1-2 (United States Attorney's Certification concerning course and scope of employment as employee of the United States)). The Government removed the action, moved

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Caballero. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

to dismiss, and the parties stipulated to voluntary dismissal without prejudice. *Caballero v. United States*, No. 2:23-cv-1113-SPC-KCD (M.D. Fla.) ("*Caballero 1*"). As the Government explained in its motion to dismiss then, the Court lacked jurisdiction because the state court did not have it and, regardless, Caballero failed to exhaust. *Caballero 1*, at Doc. 14.

In April 2025, Caballero sued Amengual again in state court, alleging negligence. (Doc. 7). Nothing changed about the facts underlying the accident or scope of employment. (Doc. 1-2). So the Government removed the case again, arguing it should be dismissed because the Court lacks subject matter jurisdiction, Caballero failed to exhaust her administrative remedies, and she failed to properly serve the Government.[2] (Doc. 1).

**Legal Standard**

A defendant may move under Federal Rule of Civil Procedure 12(b)(1) for dismissal based on a lack of subject matter jurisdiction. A Rule 12(b)(1) motion may assert either a facial or factual attack on the plaintiff's complaint. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A facial attack requires the court to consider whether the plaintiff has sufficiently alleged a basis for subject matter

---

[2] Because the Court lacks subject matter jurisdiction, it does not further discuss the United States' arguments regarding exhaustion of administrative remedies and insufficient service of process.

jurisdiction. *Id.* In doing so, the court must take the allegations in the complaint as true. *Id.* at 1232–33. A factual attack, on the other hand, challenges the existence of subject matter jurisdiction through affidavits, testimony, or other material extrinsic from the pleadings. *Id.* at 1233.

## Analysis

In the Complaint, Caballero alleges that Amengual was negligent under Florida law for negligently and carelessly operating his motor vehicle, causing a collision. (Doc. 7 ¶ 9). However, the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), provides the exclusive remedy for torts committed by federal agencies and their employees. *Gopani v. Transp. Sec. Admin.*, No. 6:20-CV-1898-PGB-DCI, 2022 WL 2068719, at *1 (M.D. Fla. Mar. 17, 2022) (citing *United States v. Smith*, 499 U.S. 160, 173 (1991)). So by pleading a state law negligence claim against Amengual, Caballero was necessarily proceeding under the FTCA. *Id.* ("Section 5 states that, with respect to a tort committed by 'any employee of the Government' within the scope of employment, the FTCA provides the exclusive remedy." (quoting 28 U.S.C. § 2679(b)(1))).

The FTCA was designed "to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). When a plaintiff asserts a claim under the FTCA, she may not proceed against a federal

3

agency and instead must sue the United States itself. *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016). Further, federal courts have exclusive jurisdiction over FTCA claims. *See* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."). Therefore, any claim arising under the FTCA must originally be filed in federal court.

The Government argues this Court's jurisdiction is derivative of whatever the state court possessed. (Doc. 9 at 4). And because the state court lacked subject-matter jurisdiction, this Court is left without it, too. (*Id.*). The "jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922). Under the doctrine of derivative jurisdiction, "[i]f the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Id.*

In her response, Caballero does not address the United States' derivative jurisdiction argument head on. Instead, she vaguely argues that she "is only seeking the policy available within the underlying policy limits by EAN Services," which she says insured Amengual. (Doc. 33 at 1–2). Her position is

"that the suit was filed properly in State Court and service was proper on the driver to sue for the underlying policy with EAN." (*Id.* at 2). But she does not fully or clearly address the most important argument which sets the stage for this case—that her case involves a FTCA claim, not a negligence claim, so she should have filed it in federal court. Her brief contains no citations to any legal authority. *Cf. Inversiones YV3343, C.A. v. Lynx FBO Fort Lauderdale, LLC*, No. 21-CV-60197, 2024 WL 2938805, at *5 (S.D. Fla. June 11, 2024) (citing *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.")). Further, she does not acknowledge *Caballero 1*.[3] Ultimately, she fails to rebut the United States' argument that this Court lacks jurisdiction.

If Caballero had originally filed her case in federal court, the undersigned would have had jurisdiction. But she did not. Instead, she refiled this action in state court. Because the state court never had jurisdiction over the action, the Court does not have subject matter jurisdiction. "Because, as noted, federal courts have exclusive jurisdiction over FTCA claims—and since the Plaintiff brought this FTCA claim in state court—the state court in which

---

[3] Her silence is perplexing given the United States' thorough explanation of *Caballero 1*. (Doc. 9 at 1–4). It also appears as though the same law firm has represented Caballero in *Caballero 1* and this case. Plaintiff's attorneys in the two cases both have email addresses ending with @thebermanlawgroup.com, so presumably, both her lawyers were aware of the voluntary dismissal of *Caballero 1*.

5

the Plaintiff filed her case lacked jurisdiction to hear it." *Barrett v. U.S. Postal Serv.*, No. 20-60156-CV, 2020 WL 2764265, at *2 (S. D. Fla. Feb. 10, 2020). So this Court lacks subject matter jurisdiction and must dismiss this case without prejudice.[4] *See id.* ("Notably, when the 'derivative jurisdiction' doctrine applies—as it does here—the Supreme Court has admonished lower courts to dismiss the case—and not to remand it.") (citing *Lamber Run Coal*, 258 U.S. at 383).

Accordingly, it is now:

**ORDERED:**

1. Defendant United States of America's Motion to Dismiss (Doc. 9) is **GRANTED**.

2. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE and ORDERED** in Fort Myers, Florida on July 28, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[4] The Government explains that this claim is likely time barred as of November 17, 2024. (Doc. 9 at 14). Caballero does not address the issue. (Doc. 33).

6